United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELIZABETH L., JAMES L., and OLIVIA L., individually and as representatives of the class of similarly situated individuals; and L.M. and N.M. as guardians of M.M., and as representatives of the class of similarly situated individuals;<br><br>        Plaintiffs,<br><br>    v.<br><br>AETNA LIFE INSURANCE CO.,<br><br>        Defendant. | Case No. CV 13-2554 SC<br><br>ORDER DISMISSING CASE WITH PREJUDICE |

    In February, the Court granted a third motion to dismiss in this ERISA case.  ECF No. 63 ("Third Dismissal Order"); see also ECF Nos. 36 ("First Dismissal Order"); 49 ("Second Dismissal Order").  The relevant facts are summarized in each of the Court's prior dismissal orders, and are not repeated at length here. Nevertheless, the nub of Plaintiffs' allegations is that Aetna, which administers a health insurance plan of which Plaintiffs were beneficiaries, erroneously rejected their claims for mental health benefits based on a flawed reading of the plan's language.  In light of Plaintiffs' counsel's repeated disregard for the Court's orders, the case is DISMISSED WITH PREJUDICE.

United States District Court
For the Northern District of California

1    The Court has dismissed Plaintiffs' first cause of action,

2   which seeks benefits pursuant to 29 U.S.C. Section 1132(a)(1)(B),

3   on three occasions, most recently with prejudice.  As the Court has

4   explained each time, Plaintiffs' claim for benefits rests on a

5   flawed interpretation of the insurance plan's language.  See, e.g.,

6   Third Dismissal Order at 6.  Each time, the Court's rejection of

7   this theory has been unambiguous.  For example, in first motion to

8   dismiss, the Court found that Plaintiffs' interpretation rendered

9   plan language "nugatory and incomprehensible" and concluding

10  "Defendant's interpretation of the terms is correct."  First

11  Dismissal Order at 7.  Nonetheless, the Court granted leave to

12  amend to "plead facts concerning" the plan language at issue "or

13  otherwise amend their pleadings to render their claims plausible."

14  Id. at 10.

15    Undaunted, Plaintiffs asserted these claims once again in

16  their amended complaint and opposition to a second motion to

17  dismiss, which the Court also granted.  In doing so, the Court

18  granted leave to amend on a single distinct cause of action, and

19  warned that "any attempts to re-plead failed arguments without new

20  supporting facts may be dismissed with prejudice."  Second

21  Dismissal Order at 8.  Nevertheless, when Plaintiffs filed their

22  second amended complaint, not only did they "re-plead [their]

23  failed argument without new supporting facts," but (with the

24  exception of a single statutory citation) did so verbatim.  Compare

25  ECF No. 39 ("First Am. Compl.") ¶¶ 79-82, with ECF No. 50 ("Second

26  Am. Compl.") ¶¶ 79-82.

27    The Court dismissed these allegations as well, this time with

28  prejudice.  Third Dismissal Order at 9 ("Because Plaintiffs

**United States District Court**
For the Northern District of California

have . . . opt[ed] to simply 're-plead failed arguments without new
supporting facts,' these claims are DISMISSED WITH PREJUDICE.")
(quoting Second Dismissal order at 8) (emphasis in original).
Again, however, the Court granted leave to amend on a narrow,
distinct cause of action.  Id. at 11 ("[T]he Court GRANTS leave to
amend on that theory and that theory alone.") (emphasis in
original).  Recognizing that Plaintiffs had repeatedly disregarded
the Court's instructions, the Court also warned Plaintiffs that
"[a]ny attempts to replead the first cause of action or further
reliance on the now-thrice-rejected interpretation of the [plan
language] will be dismissed with prejudice."  Id.

Nevertheless, when Plaintiffs filed their third amended
complaint on March 25, 2015, Plaintiffs directly contravened the
Court's prior order, and once again repleaded their first cause of
action.  ECF No. 67 ("Third Am. Compl.") ¶¶ 79-82.  Given the
Court's repeated, unambiguous rejection of this legal theory, prior
dismissal of these allegations with prejudice, and repeated
instructions not to do exactly what Plaintiffs have done, it is
difficult to imagine why Plaintiffs have chosen to repeatedly defy
the Court's orders.  More incredible still is that Plaintiffs'
Third Amended Complaint again repeats the first cause of action
verbatim.  Compare First Am. Compl. ¶¶ 79-82, and Second Am. Compl.
¶¶ 79-82, with, Third Am. Compl. ¶¶ 79-82.

In deciding whether dismissals for violation of pretrial
orders are appropriate, courts in the Ninth Circuit consider five
unweighted, and individually non-dispositive factors.  Valley
Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.
1998).  These factors are: "(1) the public's interest in

1  expeditious resolution of litigation; (2) the court's need to
2  manage its docket; (3) the risk of prejudice to the defendants; (4)
3  the public policy favoring disposition of cases on their merits;
4  and (5) the availability of less drastic sanctions." In re
5  Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226
6  (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128,
7  130 (9th Cir. 1987)).

8      These factors weigh in favor of dismissal.  First, the Court
9  finds that Plaintiffs' repeated repleading of rejected legal
10 theories has resulted in unreasonable delays both in the
11 expeditious resolution of this action, and in the Court's ability
12 to address other important matters.  The proper response to
13 Plaintiffs' obvious disagreements with the Court's decision is to
14 seek to appeal, not repeatedly reassert arguments the Court has
15 already rejected despite express directions to the contrary.
16 Second, while Defendant cannot be prejudiced by "the mere pendency
17 of the lawsuit itself," Pagtalunan v. Galaza, 291 F.3d 639, 642
18 (9th Cir. 2002), the costs and burdens of litigation can be a
19 relevant prejudice.  Defendant should not have to bear the cost and
20 burden of responding to these recycled allegations for a fourth
21 time.  Third, the fact that these claims have already been disposed
22 of on the merits, see Third Dismissal Order at 9, and that "this
23 factor 'lends little support' to a party [like Plaintiffs] whose
24 responsibility it is to move a case toward disposition on the
25 merits but whose conduct impedes progress in that direction," means
26 that the disposition on the merits factor does not weigh in
27 Plaintiffs' favor either.  See In re PPA, 460 F.3d at 1228 (quoting
28 In re the Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996)).

United States District Court
For the Northern District of California

Finally, the Court must consider whether less drastic alternative sanctions may be appropriate.  Id.  Here, the Court has repeatedly warned Plaintiffs that failure to obey the Court's orders will result in dismissal.  This alone can satisfy the consideration of the alternatives requirement.  See id. at 1229 (collecting cases).  Furthermore, "'providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.'" Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir. 1987) (quoting Callip v. Harris Cnty. Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985)).  That is precisely what happened here: the Court repeatedly instructed Plaintiffs not to replead failed legal theories, but nevertheless granted leave to amend on distinct issues in the hopes that Plaintiffs would either plead an actionable legal theory or dismiss their case.  Instead, that leniency was met with further disregard for the Court's orders.  At this point, the Court finds dismissal with prejudice is the most appropriate sanction.

Accordingly, Plaintiffs' Third Amended Complaint, ECF No. 67, is DISMISSED WITH PREJUDICE, and judgment will be entered in favor of Defendant.  In closing, the Court reminds Plaintiffs' counsel, Brian S. King, who signed the Third Amended Complaint, that in future cases, his pattern of repeatedly refiling rejected claims contrary to court orders may result in Rule 11 sanctions.  See Fed. R. Civ. P. 11(b)(1)-(2) & (c)(3); Glaser v. City of San Diego, 163 F.3d 606 (9th Cir. 1998) (unpublished table decision) (affirming monetary sanctions and dismissal of a complaint for filing a "near-

identical" amended complaint following a dismissal with leave to amend).

    IT IS SO ORDERED.

    Dated: March 27, 2015



                           UNITED STATES DISTRICT JUDGE